■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSEPH LULINSKI, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered March 24, 1971, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law and in the interests of justice, and new trial ordered. Defendant was convicted of manslaughter in the first degree for the fatal stabbing of Fred Clifford in the early morning hours of October 26, 1969. Upon cross-examination of a key prosecution witness, one Sorrentino, defense counsel attempted to elicit evidence that Sorrentino had been arrested on a grand larceny charge just a few days after the homicide and that Sorrentino's case was still pending. The trial court excluded all inquiry on this subject, including whether or not Sorrentino expected any consideration for testifying against defendant. In our opinion, the trial court erred and deprived defendant of a fair trial. The existence of pending criminal charges against a prosecution witness is a proper subject for cross-examination, as it is relevant to show the witness' possible interest in gaining favorable treatment by testifying for the prosecution (*People* v. *Garcia*, 40 A D 2d 983). The error cannot be considered harmless. Sorrentino was a vital witness, testifying as to a direct confession by defendant. Therefore, it was imperative that the jury be made aware of the charges pending against Sorrentino and any expectations of leniency, as an aid in determining his credibility. Hopkins, Acting P. J., Munder, Martuscello, Gulotta and Christ, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MIGUEL MAISONETTE, Appellant.— Appeal by defendant, as limited by his brief, from a sentence of the Supreme Court, Kings County, imposed January 7, 1972, upon his conviction of criminal possession of a dangerous drug in the third degree, criminal possession of a dangerous drug in the sixth degree and criminal possession of a hypodermic instrument, upon a jury verdict. The sentence was an indeterminate prison term not to exceed five years on the conviction of criminal possession of a dangerous drug in the third degree and a conditional discharge on the other two counts. Sentence reversed, on the law, and case remanded to the Criminal Term for resentence in accordance with *People* v. *Bennet* (39 A D 2d 320). Hopkins, Acting P. J., Munder, Martuscello, Gulotta and Christ, JJ., concur.

■ JACK SOBEL, as Sole Surviving General Partner of Great River Country Club Associates, Respondent, v. JOHN BESS et al., Appellants.— Order of the Supreme Court, Suffolk County, dated November 16, 1972, affirmed, without costs. This case should be tried promptly. This litigation has been endlessly delayed. Munder, Acting P. J., Latham, Shapiro, Christ and Benjamin, JJ., concur.

■ VICTORIA SPOLETTI, Respondent, v. VILLAGE OF HIGHLAND FALLS, Appellant.— Order of the Supreme Court, Orange County, dated October 10, 1972, affirmed, without costs, upon the opinion of Mr. Justice Silberman at Special Term. Rabin, P. J., Hopkins, Munder, Martuscello and Shapiro, JJ., concur.